# UNITED STATES BANKRUPTCY COURT
## Northern District of Indiana
### South Bend Division

In Re: Debtor(s) (name(s) and address)      )
G & S Metal Consultants, Inc.         )
35−1997371                            )
50 Dimension Ave                ) Case Number: 09−32979−hcd
Wabash, IN 46992−4127       )
                                  )
                                  )
                                  )
                                  ) Chapter: 11

**ORDER FIXING LAST DAY FOR FILING CLAIMS
AND APPOINTING CHAPTER 11 DEBTOR−IN−POSSESSION**

At South Bend , Indiana, on June 25, 2009 .

A petition for relief under Chapter 11 of the United States Bankruptcy Code having been filed in this case and an order for relief having been entered, it is

ORDERED that 1) the last day for filing proofs of claim is November 2, 2009 ; 2) the last day for filing governmental proofs of claim is December 21, 2009 ; and 3) the debtor(s) hereby is/are appointed debtor−in−possession of all property of the bankruptcy estate and is/are authorized to continue operations and to manage the property of the bankruptcy estate, in the ordinary course of business, until further order of this court.

IT IS FURTHER ORDERED that the Debtor−in−possession:

1.     Shall file on or before October 22, 2009 ,
      A.    a proposed plan and disclosure statement; or,

      B.    a verified report which describes all steps taken toward the formulation of a plan of reorganization, any matters which must be resolved before a plan can be proposed and an estimated date by which a plan will be filed. The report shall summarize all financial activities since the commencement of the case, indicating the profit or loss from operations and all unpaid post−petition debts, including but not limited to taxes. Additional reports, containing the information required by this paragraph, shall also be filed quarterly thereafter until such time as a proposed plan and disclosure statement have been filed by the debtor−in−possession.

2.     Shall not transfer or dispose of any property of the bankruptcy estate, other than in the ordinary course of business, without court approval.

3.     Shall not incur any secured debt, pledge or encumber any property of the bankruptcy estate without court approval.

Document No. 24

4.      Shall not use cash collateral, as defined in 11 U.S.C. § 363(a), without court approval or the creditor's consent. All cash collateral shall be placed into a segregated account pending its disposition.

5.      Shall close the books and records of the debtor, as of the date before the filing of the petition for relief, and shall open new books and records for the debtor–in–possession, which shall reflect all earnings, expenses, receipts and disbursements commencing with the date the petition for relief was filed.

6.      Shall close all accounts of the debtor and shall open new accounts in the name of the debtor–in–possession. During the dependency of the case all receipts shall be deposited into and all disbursements shall be made from these accounts. All disbursements shall be made by pre–numbered checks or electronic fund transfer specifically authorized by the debtor–in–possession.

7.      Shall file, on a monthly basis, a verified monthly report of operations under Chapter 11. At a minimum, this report shall include:

     A.     a summary of all income and expenses for the reporting period;
     B.     a statement of the use of and additions to raw materials and inventory, crops, livestock or other items held or produced for sale;
     C.     a statement of the collection of and addition to accounts receivable;
     D.     a reconciliation of all income and expenses while operating under Chapter 11;
     E.     an itemized statement of all unpaid post–petition obligations;
     F.     a statement of insurance coverage; and,
     G.     proof of payment of all "trust fund" taxes.

These reports shall be filed no later than the fifteenth day of each month following the date of the petition. They may be in an appropriate form or format containing the minimum information required.

8.      Shall maintain casualty and liability insurance on all property and activities of the bankruptcy estate which is sufficient to protect against any risk or loss from any cause.

9.      Shall file all federal, state and local tax returns and shall pay all federal, state and local taxes on account of the operations of the debtor–in–possession as and when due.

10.     Shall segregate and pay as and when due any and all taxes withheld from employees or collected from others under any federal, state or local law.

11.     Shall pay as and when due all debts incurred, in the ordinary course of business, by the debtor–in–possession.

12.     Shall not pay any debt or obligation incurred prior to the date of the petition except as may be authorized by a confirmed plan or by the court.

13.     Shall not incur any debt, other than in the ordinary course of business, without court approval.

14.     Shall not employ, retain, or pay any attorney, accountant, or other professional without court approval.


15.     Shall cooperate with the United States Trustee as required by Rule 2015 of the Federal Rules of Bankruptcy Procedure.

This order shall remain in full force and effect as long as the case is pending.

The obligations imposed by this order are in addition to the duties imposed upon the debtor–in–possession by the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, and any other applicable law.

Failure to comply with the requirements of this order may result in the conversion or dismissal of the case, the appointment of a trustee, or other appropriate sanctions, upon no less than 24 hours written notice.


Harry C. Dees, Jr.

_____
Judge, United States Bankruptcy Court