IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| G & S Metal Consultants, Inc., et al.,[1] | ) | Case No. 09-32979 (hcd) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**ORDER APPROVING DEBTORS' MOTION FOR ENTRY OF ORDERS: (1) APPROVING THE SALE PROCESS, BIDDING PROCEDURES, OVERBID PROTECTION, BREAK-UP FEE AND FORM OF ASSET PURCHASE AGREEMENT FOR THE SALE OF SUBSTANTIALLY ALL ASSETS OF THE ESTATES; (2) SCHEDULING AN AUCTION AND SALE HEARING TO AUTHORIZE THE SALE OF THE ASSETS OF THE DEBTORS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS; (3) APPROVING THE PROCESS FOR LIQUIDATION OF CURE AMOUNTS AND AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (4) APPROVING THE PROPOSED FORM AND MANNER OF NOTICE THEREOF**

At South Bend, in said District, this __28__ day of August, 2009.

Upon the motion ("Sale Motion")[2] of the above captioned debtors and debtors-in-possession ("Debtors") in the above-captioned chapter 11 cases ("Chapter 11 Cases"), for the entry of orders: (1) approving the sale process, bidding process, break-up fee, overbid protection, and form of asset purchase agreement for the sale of substantially all of the assets of the estates; (2) scheduling an auction and sale hearing to authorize the sale of substantially all of the assets of the estates free and clear of liens, claims, encumbrances and interests; (3) approving the process for liquidation of cure amounts and authorizing the assumption and assignment of executory contracts and unexpired leases, and (4) approving the proposed form and manner of notice thereof, and it appearing that the relief requested in the Sale Motion is in the best interests of the Debtors' estates and all creditors; and this Court having jurisdiction over this matter

---

[1] The Debtor entities are G & S Metal Consultants, Inc. and G & S Transport, Inc.
[2] Capitalized terms not otherwise defined herein shall have the same meaning ascribed to them in the Sale Motion.

pursuant to 28 U.S.C. §§ 157 and 1334; and the Sale Motion being a core proceeding pursuant to 28 U.S.C. § 157; and adequate notice of the Sale Motion having been given to all parties entitled thereto; and it appearing that no other notice need be given; and after due deliberation and sufficient cause appearing therefore, it is hereby:

FOUND AND DETERMINED[3] THAT:

1.  The Debtors have articulated good and sufficient reasons for approval of the bidding procedures attached to the Sale Motion ("Bidding Procedures"), the Break-Up Fee and the Overbid Protection in connection with the sale of the Purchased Assets;

2.  The Bidding Procedures, the Break-Up Fee and the Overbid Protection are reasonable and appropriate to maximize the return on the Purchased Assets;

3.  The Break-Up Fee is fair and reasonable, taking into account the cash and other consideration provided by SRT Investments, LLC ("SRT") was negotiated by the parties in good faith and at arm's length and is: (a) an actual and necessary cost and expense of preserving the Debtors' estates, within the meaning of §§ 503(b), 507(a)(1) and 507(b) of the Bankruptcy Code; (b) commensurate to the real and substantial benefit that SRT has conferred upon the Debtors' estates; (c) reasonable and appropriate, in light of the size and nature of the proposed sale and comparable transactions, the commitments that have been made, and the efforts that SRT has and will continue to expend; (d) necessary to induce SRT to continue to pursue the sale and to continue to be bound by the asset purchase agreement between SRT and the Debtors ("SRT APA"); and (e) a necessary cost of the sale; and

---

[3] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed. R. Bankr. P. 7052. Statements made by the Court from the bench at the hearing shall constitute additional conclusions of law and findings of fact as appropriate.

2

4.  The Break-Up Fee is an essential inducement and condition relating to SRT's entry into, and continuing obligations under, the SRT APA. Unless SRT is assured that the Break-Up Fee will be made in each of the circumstances described herein and in the SRT APA, SRT is unwilling to remain obligated to purchase the Purchased Assets (referred to as the "Acquired Assets" in the SRT APA) or be otherwise bound under the SRT APA (including the obligation to maintain its committed offer while such offer is subjected to higher or otherwise better offers as contemplated by the Bidding Procedures). The Break-Up Fee has induced SRT to submit a bid that will serve as a minimum or floor bid on which the Debtors, creditors, and other bidders can rely. SRT has provided a material benefit to the Debtors and creditors by increasing the likelihood that the best possible purchase price for the Purchased Assets will be received. Accordingly, the Bidding Procedures and the Break-Up Fee are reasonable and appropriate terms and conditions of the contemplated sale and represent the best method for maximizing value for the benefit of the Debtors' estates.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.  The Sale Motion is hereby granted in the manner and to the extent provided herein;

2.  The Bidding Procedures set forth on Exhibit A attached and made a part hereof, including all deadlines appurtenant thereto, the Overbid Protection, and Break-Up Fee set forth therein ("Approved Bidding Procedures"), and the form of the SRT APA (attached as Exhibit 1 to Exhibit A), are approved in all respects;

3.  The Debtors are hereby authorized without the necessity of further order of court, to grant Overbid Protection in favor of SRT in the manner set forth in the Approved Bidding Procedures;

3

4.  All persons or entities who submit a Qualifying Offer for any of the Purchased Assets shall be deemed to have read and understood the terms and conditions of the Approved Bidding Procedures and shall comply with and be bound by such Approved Bidding Procedures;

5.  All objections to the Sale Motion or the relief requested therein, to the extent they pertain to the entry of this Order, that have not been withdrawn, waived or settled, and all reservations of rights included therein, are overruled;

6.  The Debtors are hereby authorized and empowered to take such steps, expend such sums of money, and do such other things as may be necessary to implement and effect the terms and requirements consistent with this Order;

7.  The Debtors are authorized to pay the Break-Up Fee to SRT in accordance with the Approved Bidding Procedures, as applicable;

8.  In the event the Debtors are obligated to pay the Break-Up Fee and upon such fee becoming payable, the Break-Up Fee shall be paid to Purchaser only upon the closing of and solely from the proceeds of the Prevailing Bid. The Break-up Fee shall be treated as a super-priority administrative expense with priority over administrative expenses of the kind specified in Sections 503(b) and 507(a) of the Bankruptcy Code;

9.  Attached hereto as <u>Exhibit B</u> is a Notice ("<u>Sale Notice</u>") of hearing and auction dates for the sale ("<u>Asset Sale</u>") of the Purchased Assets ("<u>Hearing/Auction Dates</u>") and related deadlines. The auction ("<u>Auction</u>") for the Purchased Assets shall take place on September 16, 2009 at 9:00 a.m. (South Bend Time) at the offices of Baker & Daniels, LLP, 202 S. Michigan Street, Suite 1400, South Bend, Indiana 46601 or such later time or other place as the Debtors shall notify all Qualified Bidders;

10. The Court shall conduct a hearing to consider the approval of the Asset Sale ("Sale Hearing"), on September 18, 2009 at 10:30 a.m. at the United States Bankruptcy Court Northern District of Indiana Robert K. Rodibaugh United States Courthouse, 401 South Michigan Street, South Bend, Indiana 46601 or such later time or other place as the Debtors shall notify all Qualified Bidders;

11. The initial deadline for the submission of Qualified Offers ("Initial Bid Deadline") shall be on or before three (3) days preceding the Auction.

12. All written objections to the sale of the Purchased Assets must be filed on or before the Sale Hearing ("Sale Objection Deadline"), with the Clerk of the United States Bankruptcy Court, P.O. Box 7003, South Bend, Indiana 46634-7003, with copies served on or before the Sale Objection Deadline upon (i) counsel for the Debtors, Jay Jaffe of the firm of Baker & Daniels LLP, 600 East 96th Street, Suite 600, Indianapolis, Indiana 46240; (ii) counsel for Fifth Third Bank, ("Fifth Third") c/o Alan Mills, Barnes & Thornburg LLP, 11 South Meridian Street, Indianapolis, Indiana 46204; (iii) Robert E. Doelling, Jr., Esq. Burt, Blee, Dixon, Sutton & Bloom LLP, 200 East Main Street, Suite 1000, Fort Wayne, IN 46802; and (iv) counsel for the Committee c/o Michael P. O'Neil, Taft Stettinius & Hollister LLP, One Indiana Square, Suite 3500, Indianapolis, Indiana 46204.

13. Immediately after entry of this order, the Debtors shall serve a notice ("Notice of Proposed Cure Amounts") substantially in the same form as attached Exhibit C upon all counterparties to executory contracts and unexpired leases. The Notice of Proposed Cure Amounts shall set forth the amounts that the Debtors believe are necessary to cure, as of July 31, 2009, defaults under the executory contracts or unexpired leases that one or more of the Debtors is a party to pursuant to Section 365 of the Bankruptcy Code. That amount, plus any unpaid

amount from and after July 31, 2009 until the effective date, if any, of an assumption of the executory contract or unexpired lease shall be the "Proposed Cure Amount". The Notice of Proposed Cure Amounts and the Proposed Cure Amount are designed solely to liquidate cure amounts required for assumption and assignment of the executory contracts and unexpired leases and shall not bind or otherwise require Debtors to designative an individual executory contract or unexpired lease as an Assumed Contract.

14. The Notice of Proposed Cure Amounts shall be served by email, facsimile or overnight mail upon all counterparties to any executory contract or unexpired lease that the Debtors believe could become an Assumed Contract. Because of the need to expedite the liquidation of cure amounts (in order for a Qualifying Bidder to determine whether to request assumption and assignment of the respective executory contract or unexpired lease in advance of the Auction), the affected counterparty shall have ten (10) days from receipt of the Notice of Proposed Cure Amount to file an objection (a "Cure Amount Objection") to the Proposed Cure Amount. If any affected counterparty files a Cure Amount Objection with the Court within ten (10) days of receipt of the Notice of Proposed Cure Amount ("Cure Amount Objection Deadline"), the Court shall schedule such objection and Proposed Cure Amount for hearing at the first date and time convenient for the Court, but in all cases prior to the date set for the Auction. For any Proposed Cure Amount to which no Cure Amount Objection is filed by the Cure Amount Objection Deadline, such Proposed Cure Amount shall become binding and enforceable as the cure amount ("Final Cure Amount") required to assume and assign the executory contract or unexpired lease as an Assumed Contract.

15. If there are executory contracts or unexpired leases selected by a Qualifying Bidder for the Debtors' assumption and assignment, then in such event, immediately

upon receipt of such Qualifying Offer, the Debtors shall file a notice ("Assumption Notice") with the Court and serve such Assumption Notice on each non-debtor party to those executory contracts or unexpired leases proposed to be assumed and assigned that identifies (i) the Qualifying Bidders and describes the basis for the Debtors' belief that there is adequate assurance of the Qualifying Bidder's future performance under such executory contract and/or unexpired lease; and (ii) the Final Cure Amount. No counterparty to an executory contract or unexpired lease will be allowed to object to the cure amount after the Final Cure Amount has been established. Any party receiving an Assumption Notice may file a written objection to the proposed assumption and assignment on any basis other than the Final Cure Amount at or prior to the Sale Hearing, and shall be entitled to appear at the Sale Hearing and object to the proposed assumption and assignment of its executory contract or unexpired lease;

16. Pursuant to Bankruptcy Rules 2002(a) and 6004, the Debtors are hereby ordered and directed to serve a copy of the Sale Notice and the Approved Bidding Procedures to: (i) the creditors of the estate; (ii) all entities reasonably known by the Debtors to have an Interest in the Sale Assets to be sold; (iii) all parties to any executory contracts or unexpired leases of the Debtors which are being sought to be assumed and assigned; (iv) counsel for Fifth Third; (v) counsel for the Committee; (vi) the Office of the United States Trustee; and (vii) all other entities that have filed requests for notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure (collectively, "Notice Recipients"),[4] by regular mail within two (2) days of the entry of this Order, and such manner of notice is hereby found to be adequate and sufficient notice of the relief sought in the Sale Motion, including the Proposed Cure Amounts, the sale of the

---

[4] The Debtors will also serve this Bidding Procedures Order, the Sale Motion, the Approved Bidding Procedures and the APA upon all Bidders hereafter identified to the Debtors.

7

Purchased Assets and the proposed assumption and assignment of executory contracts or unexpired leases.

17. Any Notice Recipient may obtain a copy of the SRT Offer, the Sale Motion and any Exhibits attached thereto upon request directed to counsel for the Debtors, Jay Jaffe of the firm of Baker & Daniels LLP, 600 East 96th Street, Suite 600, Indianapolis, Indiana 46240 60604, (317-237-1176).

_____
Honorable Harry C. Dees, Jr.
United States Bankruptcy Judge

8